UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CATHY FORD<br>f/k/a CATHY SWAFFORD,<br><br>   Plaintiff,<br><br>v.<br><br>WRIGHT EXCAVATING AND<br>TRUCKING INC. and<br>DAVID E. WRIGHT<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:18-CV-2490<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Cathy Ford, formerly known as Cathy Swafford ("Ford"), brings this action against Wright Excavating and Trucking Inc. ("WE & T") and David E. Wright ("Wright") (together "Defendants"), and shows as follows:

## OVERVIEW

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* and the Indiana Wage Claim Statute I.C. § 22-2-9 *et seq.* Defendants violated the FLSA by failing to pay Ford the minimum wage and overtime premium required under federal law. Defendants violated Indiana law by failing to timely pay Ford her earned wages.

## PARTIES

2. Ford is an individual who resides in Johnson County, Indiana. She was employed by Defendants within the meaning of the FLSA during the three-year period

prior to the filing of this Complaint. At all times hereinafter mentioned, Ford was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Wright is an owner, member and/or officer of WE & T. In this capacity, Wright is involved in the day-to-day business operations of WE & T. Wright has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including decisions regarding the minimum wage and overtime violations alleged in this Complaint. At all relevant times, Wright acted and had responsibility to act on behalf of, and in the interests of, WE & T in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the minimum wage and overtime issues raised in this lawsuit. At all relevant times, Wright was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. WE & T is an Indiana corporation doing business in Columbus, Bartholomew County, Indiana. WE & T acted, directly or indirectly, in the interest of an employer with respect to Ford. WE & T is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Ford brings claims arising under federal law. This Court has supplemental jurisdiction over Ford's Indiana state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

7. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

8. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

9. At all times hereinafter mentioned, Ford was an employee engaged in commerce or in the production of goods for commerce.

## FACTS

10. Defendants own and operate an excavating and trucking business in Columbus, Indiana.

11. Defendants employed Ford as a dump truck driver for approximately two weeks in or around August 2016.

12. During her employment, Defendants agreed to pay Ford at varying hourly rates, depending on the job.

13. Ford's employment with Defendants was involuntarily terminated.

14. Ford was not exempt from the minimum wage and overtime provisions of the FLSA.

15. During her employment with Defendants, Ford worked in excess of forty (40) hours in a single workweek.

16. At the time Defendants terminated her employment, Ford was owed but did not receive, payment of her earned wages.

17. At the time Ford's employment ended, Ford was owed payment for her hours worked during her approximate two weeks of employment.  Defendants refused and continue to refuse to pay Ford any earned wages for her hours worked as Defendants' employee.

18. By refusing to pay Ford any earned wages for her hours worked for Defendants, Defendants did not pay Ford the overtime premium required by the FLSA for all hours worked in excess of forty (40) in a single workweek.

19. By refusing to pay Ford any earned wages for her hours worked for Defendants, Defendants did not pay Ford the minimum wage required by the FLSA.

20. By refusing to pay Ford all her earned wages for her approximate two weeks of employment with Defendants, Defendants have failed to timely pay Ford her earned wages in accordance with Indiana law.

21. On July 23, 2018, Ford filed a wage claim with the Indiana Department of Labor.  On August 7, 2018, the Indiana Office of the Attorney General referred Ford's wage claim to the Law Office of Robert J. Hunt, LLC, for prosecution of this matter.

**COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE
WITH THE FAIR LABOR STANDARDS ACT**

22. Ford hereby incorporates by reference Paragraphs 1-21 of this Complaint.

23. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §§ 206 and 207 by failing to comply with the minimum wage and overtime requirements of the FLSA.

24. Defendants acted intentionally, willfully, or with reckless disregard to the rights of Ford as protected by the FLSA.

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-9 *et. seq.*

25. Ford hereby incorporates by reference Paragraphs 1 – 25 of this Complaint.

26. During the relevant time period, Defendants have violated and are violating provisions of Indiana Code §§22-2-9 *et. seq.* by failing to timely pay Ford's wages.

27. Defendants' refusal to timely pay Ford her earned wages was in bad faith.

## PRAYER FOR RELIEF

WHEREFORE, Ford respectfully requests that this Court enter judgment against Defendants and award relief as follows:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Ford, in addition to liquidated damages equal in amount to the unpaid compensation due to Ford;

b. An Order pursuant to I.C. §§ 22-2-9 *et. seq.* finding Defendants liable for unpaid earned wages due to Ford, plus liquidated damages double in amount of the unpaid wages found due to Ford;

c. An Order awarding Ford costs of this action;

  d. An Order awarding Ford reasonable attorney's fees;

  e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

  f. An Order granting such other and further relief as may be necessary and appropriate.

           Respectfully Submitted,

           s/Robert J. Hunt
           Robert J. Hunt, (#30686-49)
           The Law Office of Robert J. Hunt, LLC
           1905 South New Market Street, Ste 220
           Carmel, Indiana 46032
           Telephone: (317) 743-0614
           Facsimile: (317) 743-0615
           E-Mail: rob@indianawagelaw.com

           Attorney for Plaintiff